UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Raul A. Abejuela and Imelda E. Abejuela, ) | Case No. 04 B 03677 |
| ) | |
| Debtors. ) | Honorable John D. Schwartz |
| ) | |
| _____ ) | |
| Blackstone Enterprises, Inc., ) | |
| ) | Adv. No. 04 A 02559 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Raul A. Abejuela and Imelda E. Abejuela, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion filed by defendants Raul Abejuela and Imelda Abejuela ("Defendants") to dismiss the amended complaint filed by Blackstone Enterprises, Inc. ("Blackstone"). The motion will be granted with leave to file a second amended complaint.

### Background

This adversary proceeding was commenced by the filing of a complaint on May 6, 2004. Defendants filed a motion to dismiss the complaint on the grounds that the plaintiff lacked standing as a corporation appearing *pro se*. The motion was granted without prejudice by order entered October 26, 2004. Blackstone retained counsel and filed an amended complaint.

The amended complaint lays out thirteen pages of narrative that tells the following tale. Raul Abejuela ("Abejuela") and a corporate entity, Abebros International, Inc., of which

Abejuela may have been the shareholder and president, entered into a lease agreement for 5413-17 West Belmont Avenue in Chicago ("Property") with Blackstone. Blackstone alleges that it never received any rent and that checks tendered were returned by the bank for insufficient funds. In addition to the lease, several other agreements were entered into: an option to purchase the Property; a fixture sale agreement; and a merchandise sale agreement. According to Blackstone, all of the agreements were breached and two state court lawsuits were commenced by Blackstone. Several months later, the parties entered into three separate settlement agreements and the lawsuits were dismissed.

Each of the three counts of the amended complaint is based on one of the settlement agreements. Count I describes a past due balances agreement in which Blackstone forgave a portion of the Defendants' debt to it, and Blackstone gave the Defendants title to the Property in exchange for the Defendants' promise to adhere to a payment schedule. The Defendants may have made a payment prior to the closing of the real estate sale, but this point is not clear from the amended complaint. The parties then had a disagreement over the amount due to Blackstone. The amended complaint describes in detail checks tendered and rejected and Blackstone's repeatedly advising the Defendants that they were in breach of the past due balances agreement. The impasse resulted in motions in state court to reinstate one of the lawsuits. A judgment was entered, an appeal followed, the case was subsequently tried and this bankruptcy case was filed just prior to judgment being entered against the Defendants in state court. Blackstone alleges that the Defendants committed a fraud and the debt incurred by the Defendants under the past due balances agreement should be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

2

Count II describes a consignment agreement and alleges that the Defendants converted goods that were consigned to them by Blackstone. Blackstone seeks relief under "section 523(b)(4) and/or section 727 of the Code." There is no § 523(b)(4) and the facts presented do not appear to fit within any sub-section of section 727 of the Bankruptcy Code.

Count III alleges that a fixture purchase agreement entered into by the parties as one of the settlement agreements was breached by Abejuela by his failure to make payments under the agreement. Blackstone seeks a finding of non-dischargeablility under "section 523 and/or 727."

## Discussion

Generally, federal pleading standards require a plaintiff to do no more than "state the nature of the claim; details can wait for later stages, such as an evidentiary hearing ... or summary judgment ..." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). "Allegations of fraud, however, are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead "all averments of fraud ... with particularity." Goren v. New Vision Int'l, Inc., 156 F.3d 721, 726 (7th Cir. 1998).

Moreover, the court must take as true all well pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the plaintiff. See Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995); Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America, 869 F.2d 1073, 1075 (7th Cir. 1989); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir.1989); Marmon Group, Inc. v. Rexnord, Inc., 822 F.2d 31, 34 (7th Cir.1987). The issue is not whether the plaintiff will ultimately prevail, but whether it has pleaded causes of action sufficient to entitle it to offer evidence in support of its claims. Wright v. International Business Machines

Corp., 796 F. Supp. at 1122.

Nevertheless, the Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters ... the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." Gray v. Dane County, 854 F.2d at 182. A complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). Mere conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss. Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir.1981), aff'd, 460 U.S. 325, 103 S.Ct. 1108 (1983).

Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt is not dischargeable if money, property, services or an extension of credit were obtained by false pretenses, a false representation or fraud. If Blackstone intends to pursue a cause of action under this subsection with an allegation that the Defendants acted under false pretenses or a false representation, its claim will be nondischargeable if the following elements are proven: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; and (3) the creditor relied on the representation. Califf v. Park (In re Park), 2002 WL 130948 (Bankr. N.D. Ill.); Bletnitsky v. Jairath (In re Jairath), 259 B.R. 308 (Bankr. N.D. Ill. 2001). The creditor's reliance must have been justifiable, Field v. Mans, 516 U.S. 59, 74-75, 116 S.Ct. 437 (1995) and "false pretenses" or "representations" are representations knowingly and fraudulently made that give rise to the debt. Driggs v. Black (In re Black), 787 F.2d 503, 506 (10th Cir.1986), *abrogated in part on other grounds*, Grogan v. Garner, 498 U.S. 279, 283, 111 S.Ct. 654 (1991).

If Blackstone is alleging instead that the Defendants committed an actual fraud, then the requirements for the cause of action are different. Under Seventh Circuit precedent, an actual

4

fraud does not require pleading a misrepresentation or reliance. McClellan v. Cantrell, 217 F.3d 890 (7th Cir. 2000). Rather, a plaintiff may show any "deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another." Id. at 893, *quoting* 4 Collier on Bankruptcy ¶523.08[1][e], p. 523-45 (15th ed., Lawrence P. King ed., 2000). Following McClellan, Judge Squires aptly opined that a creditor must establish that "(1) a fraud occurred; (2) the debtor was guilty of intent to defraud; and (3) the fraud created the debt that is the subject of the discharge dispute." Califf, 2002 WL 130948 at *6.

In each count of the amended complaint, Blackstone describes the Defendants' failures to perform their obligations under each of the settlement agreements. Breaching a contract is insufficient to render a debt non-dischargeable. In Count I, Blackstone failed to set forth any factual basis for the conclusory allegation that the Defendnats committed a fraud. The misrepresentations it describes are the Defendants' promise to pay and a promise by the Defendants not seek a discharge of the debt in bankruptcy. It has long been the law that breaking a promise not to pay is the basis for a breach of contract cause of action, not a fraud cause of action. Stauffer v. Westmoreland Obstetric and Gynecologic Assocs., S.C., 2001 WL 585510 (N.D. Ill. 2001); Murphy v. Murphy, 189 Ill.360, 59 N.E. 796 (Ill. 1901). A promise not to seek a discharge in bankruptcy is unenforceable. In re Paneras, 195 B.R. 395 (Bankr. N.D. Ill. 1996); Klingman v. Levinson, 58 B.R. 831, 836-37 (Bankr. N.D. Ill. 1986), *aff'd*, 66 B.R. 548 (N.D. Ill. 1986), *aff'd*, 831 F.2d 1292, 1296, n.3 (7th Cir. 1987). The circumstances of the breach of contract are described in excruciating detail, but detail does not fulfill the particularity requirement of a fraud claim when the detail does not provide facts or circumstances supporting an allegation of fraud. The essential elements of a cause of action under § 523(a)(2)(A) were not

5

set forth.

In Counts II and III, Blackstone has altogether failed to identify the legal bases under the Bankruptcy Code for its causes of action. The papers submitted by Blackstone opposing the motion to dismiss the complaint fill in some of the gaps in the complaint, but those gaps must be filled in in the pleading itself.

## Conclusion

Therefore, the motion will be granted and the amended complaint will be dismissed for failure to state a cause of action with leave to file a second amended complaint.

ENTERED:

Date:  June 9, 2005

_____
John D. Schwartz
United States Bankruptcy Judge