## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Raul A. Abejuela and Imelda E. Abejuela, | ) | Case No. 04 B 03677 |
| | ) | |
| Debtors. | ) | Honorable John D. Schwartz |
| | ) | |
| | ) | |
| Blackstone Enterprises, Inc., | ) | |
| | ) | Adv. No. 04 A 02559 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Raul A. Abejuela and Imelda E. Abejuela, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion filed by defendants Raul Abejuela and Imelda Abejuela ("Debtors") to dismiss the third amended complaint filed by Blackstone Enterprises, Inc. ("Blackstone") on February 13, 2006. The motion will be granted in part and denied in part.

### Background

This adversary proceeding was commenced by the filing of a complaint on May 6, 2004. Debtors filed a motion to dismiss the complaint on the grounds that the plaintiff lacked standing as a corporation appearing *pro se*. The motion was granted without prejudice by order entered October 26, 2004. Blackstone retained counsel and filed an amended complaint. The first amended complaint was dismissed without prejudice by Order and Memorandum Opinion, both dated June 9, 2005 (collectively, "June 2005 Order"). A second amended complaint was

dismissed without prejudice by Order and Memorandum Opinion, both dated January 12, 2006

(collectively "January 2006 Order"). A third amended complaint was filed on February 13, 2006.

Each of the complaints relates a version of the following saga. Raul Abejuela

("Abejuela") and a corporate entity, Abebros International, Inc., of which Abejuela was the

alleged shareholder and president, entered into a lease agreement, as tenant, for 5413-17 West

Belmont Avenue in Chicago ("Property") with Blackstone as landlord. Blackstone alleges that it

never received any rent and that checks tendered were returned by the bank for insufficient funds.

In addition to the lease, several other agreements were entered into: an option to purchase the

Property; a fixture sale agreement; and a merchandise sale agreement. According to Blackstone,

all of the agreements were breached. A state court lawsuit for breaches to the agreements was

commenced by Blackstone. Blackstone also instituted a suit for eviction. Several months later,

the parties entered into three separate settlement agreements and the lawsuits were dismissed.

Each of the three counts of the third amended complaint is based on one of the settlement

agreements. Count I describes a past due balances agreement in which Blackstone forgave a

portion of the Debtors' debt to it, and Blackstone gave the Debtors title to the Property in

exchange for the Debtors' promise to adhere to a payment schedule. The Debtors also made a

payment or payments pursuant to the agreement and prior to the closing of the real estate sale in

the amount of $56,000. The parties then had a disagreement over the amounts due to Blackstone.

The third amended complaint describes in detail checks tendered and rejected and Blackstone's

repeatedly advising the Debtors that they were in breach of the past due balances agreement. The

impasse resulted in motions in state court to reinstate one of the lawsuits. A judgment was

entered, an appeal followed, the case was subsequently tried and this bankruptcy case was filed

2

just prior to judgment being entered against the Debtors in state court.

Blackstone alleges in Count I of the third amended complaint that the Debtors committed a fraud and that the debt incurred by the Debtors under the past due balances agreement should be deemed non-dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. §§101 et seq..

Count II describes a consignment agreement and alleges that the Debtors converted goods that were consigned to them by Blackstone. Blackstone alleges that the goods were not scheduled in the Debtors' bankruptcy petition in violation of §§ 727(a)(2)(A) and (a)(4)(A) of the Bankruptcy Code and is grounds for the denial of a discharge.

Count III alleges that a fixture purchase agreement was breached by Raul Abejuela by his failure to make payments under the agreement and the obligation of Raul Abejuela ought to be held non-dischargeable under §523(a)(2)(a).[1] Blackstone also alleges that the Debtors failed to schedule these goods in violation of §§ 727(a)(2)(A) and (a)(4)(A) of the Bankruptcy Code.[2]

### Discussion

Generally, federal pleading standards require a plaintiff to do no more than "state the nature of the claim; details can wait for later stages, such as an evidentiary hearing ... or summary judgment ..." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). "Allegations of fraud, however, are subject to the heightened pleading standard of Federal Rule of Civil

---

[1] The allegations of this Count state that only Raul Abejuela was liable on this debt. The agreement itself states that both Debtors are obligors, but only Raul Abejuela executed it. This confusion will have to be cleared up another day.

[2] Of course, in order to obtain an order denying a discharge to Imelda Abejuela on this Count, Blackstone will have to prove that she was involved in this concealment of assets. See In re Suttles, 819 F.2d 764, 766 (7th Cir.1987).

3

Procedure 9(b), which requires a plaintiff to plead "all averments of fraud ... with particularity."

Goren v. New Vision Int'l, Inc., 156 F.3d 721, 726 (7th Cir. 1998).

Moreover, the court must take as true all well pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the plaintiff. See Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995); Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America, 869 F.2d 1073, 1075 (7th Cir. 1989); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir.1989); Marmon Group, Inc. v. Rexnord, Inc., 822 F.2d 31, 34 (7th Cir.1987). The issue is not whether the plaintiff will ultimately prevail, but whether it has pleaded causes of action sufficient to entitle it to offer evidence in support of its claims. Wright v. International Business Machines Corp., 796 F. Supp. at 1122.

Nevertheless, the Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters ... the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." Gray v. Dane County, 854 F.2d at 182. A complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). Mere conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss. Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir.1981), aff'd, 460 U.S. 325, 103 S.Ct. 1108 (1983).

Count I

Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt is not dischargeable if money, property, services or an extension of credit were obtained by false pretenses, a false representation or fraud. If Blackstone intends to pursue a cause of action under this subsection

4

with an allegation that the Debtors acted under false pretenses or a false representation, its claim will be nondischargeable if the following elements are proven: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; and (3) the creditor relied on the representation. Califf v. Park (In re Park), 2002 WL 130948 (Bankr. N.D. Ill.); Bletnitsky v. Jairath (In re Jairath), 259 B.R. 308 (Bankr. N.D. Ill. 2001). The creditor's reliance must have been justifiable, Field v. Mans, 516 U.S. 59, 74-75, 116 S.Ct. 437 (1995) and "false pretenses" or "representations" are representations knowingly and fraudulently made that give rise to the debt. Driggs v. Black (In re Black), 787 F.2d 503, 506 (10th Cir.1986), *abrogated in part on other grounds*, Grogan v. Garner, 498 U.S. 279, 283, 111 S.Ct. 654 (1991).

Count I of the third amended complaint describes the Debtors' failure to perform their obligations under the past due balances agreement. As this court stated in the July 2005 Order and again in the January 2006 Order, breaching a contract is insufficient to render a debt non-dischargeable. In Count I, Blackstone still fails to set forth any facts that would form a basis for the conclusion that the Debtors committed a fraud. The misrepresentations it describes are the Debtors' promise to pay and a promise by the Debtors not seek a discharge of the debt in bankruptcy. It has long been the law that breaking a promise not to pay is the basis for a breach of contract cause of action, not a fraud cause of action. Luckett v. Alpha Constr. & Development, Inc., 2001 WL 1286815 (N.D. Ill.); Stauffer v. Westmoreland Obstetric and Gynecologic Assocs., S.C., 2001 WL 585510 (N.D. Ill.); Murphy v. Murphy, 189 Ill.360, 59 N.E. 796 (Ill. 1901). Furthermore, a promise not to seek a discharge in bankruptcy is unenforceable. In re Pancras, 195 B.R. 395 (Bankr. N.D. Ill. 1996); Klingman v. Levinson, 58 B.R. 831, 836-37 (Bankr. N.D. Ill. 1986), *aff'd*, 66 B.R. 548 (N.D. Ill. 1986), *aff'd*, 831 F.2d 1292, 1296, n.3 (7th Cir. 1987). The

5

circumstances of the breach of contract are described in excruciating detail, but detail does not fill the particularity requirement of a fraud claim when the detail does not provide facts or circumstances supporting an allegation of fraud. Blackstone suggests that the speed with which the Debtors breached the contract is evidence of an intent not to perform, but this, without more, is insufficient.

The essential elements of a cause of action under § 523(a)(2)(A) were not set forth in the third amended complaint. Count I is dismissed with prejudice.

Count II

Section 727(a) of the Bankruptcy Code provides in pertinent part that "[t]he court shall grant the debtor a discharge, unless – (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – **(A)** property of the debtor, within one year before the date of the filing of the petition; ... (4) the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account; ..."

In Count II Blackstone alleges that goods valued at $31,807.38 were consigned to the Debtors, to be sold by them subject to the terms of a consignment agreement with Blackstone. Blackstone further alleges that this property was not scheduled in the bankruptcy case in violation of §§727(a)(2)(A) and (a)(4). Taken as true, these facts constitute a cause of action and this Count is sustained.

Count III

In Count III of the third amended complaint Blackstone alleges a breach of contract of the

6

fixture purchase agreement by Raul Abejuela, which does not rise to the level of a non-dischargeable debt, as discussed, *supra*. Blackstone further alleges that the Debtors violated §§727(a)(2)(A) and (a)(4) of the Bankruptcy Code by failing to schedule the fixtures which were the subject of the agreement. These facts constitute a cause of action and this Count is sustained to the extent it states a cause of action pursuant to §727 of the Bankruptcy Code.

### Conclusion

Therefore, the motion will be granted with respect to Count I and that portion of Count III that alleges a violation of 11 U.S.C. §523(a)(2)(A). The motion will be denied as to Count II and that portion of Count III that alleges a violation of 11 U.S.C. §§727(a)(2)(A) and (a)(4).

**ENTERED:**

Date:   **September 20, 2006**

John D. Schwartz
United States Bankruptcy Judge

7